IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

4H CONSTRUCTION CORP.                                                                    PLAINTIFF

VS.                                                            CIVIL ACTION NO. 4:08CV113-DAS

SUPERIOR BOAT WORKS, INC., et al                                                  DEFENDANTS.

## ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the court on motion of the plaintiff for partial summary judgment (# 35).

## PROCEDURAL HISTORY

Plaintiff asserts in its complaint it does not owe the full amount charged by the defendant, Superior Boat Works, Inc., for work done by Superior on the plaintiff's barges. Superior responded to the complaint and filed a counterclaim asking for, among other things, attorney's fees. As a result of the claim for attorney's fees, the plaintiff filed the present motion for partial summary judgment, arguing it does not owe the fees, and that no genuine issue of material fact as to the issue exists. The court does not agree.

## SUMMARY JUDGMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249; *Beck*, 204 F.3d at 633. Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621. However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075.

## **ATTORNEY'S FEES**

With regard to the present motion, and after considering the evidence now before the court, it is clear there are genuine issues of material fact concerning the claims made by both parties and thus whether the plaintiff owes attorney's fees. To begin, it is undisputed that 4 H purchased two barges and had Superior place them in dry dock. It is the plaintiff's position that Jim Harris, an employee of 4 H, then specifically told Jimmy Montgomery, an employee of Superior, not to begin work until Superior provided an estimate of the cost. Specifically, in an affidavit attached to the

present motion, Harris states he "did not want any repairs done to either barge until a firm estimate of the cost of said repairs was provided to, and approved by, 4 H." Montgomery claims Harris never said that, and as a result, Superior began repairing the barges immediately. Montgomery stated in his deposition:

> Q. Isn't it true that he [Harris] also told you, I don't want you doing any work until I get it [the estimate]?
>
> A. No.
>
> Q. You specifically remember he didn't say that or you just don't recall whether he said it or not?
>
> A. He did not say that.

It appears that if the plaintiff prevails on this issue, *i.e,* it is determined that Superior made repairs without authorization, attorney's fees may not be appropriate. On the other hand, if the defendant prevails, fees may well be appropriate. Whether 4 H owes any attorney's fees, however, cannot be resolved until a factfinder determines what precisely transpired between Harris and Montgomery. Because this involves a specific factual issue, the plaintiff's motion for partial summary judgment as to the issue is DENIED.

SO ORDERED, this the 30th day of April, 2009.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE